UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, *et al.*, <br><br> Defendants. | CASE NO. **2:21-CV-1248-BJR-DWC** <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: October 8, 2021 |

Plaintiff John Demos, Jr., a state prisoner, has filed a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkt 1; Dkt. 1-1. As discussed below, the Court denies the IFP motion and dismisses without prejudice the proposed complaint.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United

REPORT AND RECOMMENDATION - 1

1   States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). An

2   order of this Court provides for the return without filing of any petition that seeks an

3   extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the

4   filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition,

5   Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John*

6   *Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions*

7   *Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Moreover, "Mr. Demos has

8   accumulated at least three strikes in federal court [under 28 U.S.C. § 1915(g)]." *Demos v.*

9   *Keating*, 33 F. App'x 918, 920 & n.1 (10th Cir. 2002) (per curiam). Therefore, because he has

10  had more than three prior actions dismissed as frivolous, malicious, or for failure to state claim,

11  Plaintiff must demonstrate that he is in "imminent danger of serious physical injury" to proceed

12  IFP. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

13         Here, Plaintiff appears to allege that his inability to vote as a state prisoner constitutes

14  "voter fraud" and violates various provisions of federal law. Dkt. 1-1 at 2–3, 8. Plaintiff also

15  alleges, without factual support, that he "was never duly convicted." *Id.* at 3. Plaintiff does not

16  allege that he is in imminent danger of serious physical injury. *Id.* at 1–8.

17         Here, the Court should deny Plaintiff's IFP motion and dismiss the proposed complaint

18  without prejudice. Plaintiff cannot proceed IFP because he has not alleged that he is in imminent

19  danger of serious physical injury. Furthermore, Plaintiff has surpassed his annual limit of three

20  IFP actions. Report and Recommendation at 2, *Demos v. Federal PREA Reporting Office*, 2:21-

21  cv-01221-RAJ (W.D. Wash. Sept. 14, 2021) (collecting cases), Dkt. 2. Additionally, if Plaintiff

22  seeks to challenge his conviction, he has not paid the filing fee as this Court's order requires.

23

24

REPORT AND RECOMMENDATION - 2

Accordingly, it is **RECOMMENDED** that Plaintiff's IFP motion (Dkt. 1) be **DENIED**, that his proposed complaint (Dkt. 1-1) be **DISMISSED** without prejudice, and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 8, 2021 as noted in the caption.

Dated this 17th day of September, 2021.

David W. Christel
United States Magistrate Judge